IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOEY L. SEYMOUR                                                    PLAINTIFF

v.                              Civil No. 13-3019

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                     DEFENDANT

## AMENDED MEMORANDUM OPINION

Plaintiff, Joey Seymour, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration (Commissioner)

denying his claim for supplemental security income ("SSI") under Title XVI of the Social

Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial

review, the court must determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.   Procedural Background:

The Plaintiff filed his application for SSI on May 28, 2010,  alleging an onset date of

March 1, 2009, due to seizures, headaches, pain in back and neck, and a mental disorder.  Tr. 19,

147-150, 165, 181-182, 194.  His claims were denied both initially and upon reconsideration.

An administrative hearing was then held on July 21, 2011.  Tr. 26-77.  Plaintiff was both present

and represented at that hearing.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1)
of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the
defendant in this suit.

A the time of the administrative hearing, Plaintiff was 49 years old and possessed the equivalent of a high school education.  Tr. 26, 166.  He had no past relevant work ("PRW") experience.  Tr. 19, 171-178.

On November 4, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's seizure disorder and personality disorder did not meet or equal any Appendix 1 listing.  Tr. 11-13.  The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform medium work, however, he found Plaintiff could not operate moving machinery and must avoid all exposure to unprotected heights and hazardous machinery. Further, the ALJ concluded he is limited to

> simple, routine, and repetitive tasks, involving simple, work-related decisions, with few, if any, work place changes, and can have no more than incidental contact with co-workers, supervisors, and the general public.

Tr. 13.  With the assistance of a vocational expert, the ALJ then decided Plaintiff could perform work as a kitchen helper/dishwasher, janitor, and hand packager.  Tr. 20.

The Appeals Council denied Plaintiff's request for review on December 5, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No. 12, 13.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

II.  __Applicable Law__:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary."  *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

A.    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III.   **Discussion:**

On appeal, Plaintiff contends that the ALJ made the following errors: 1) the ALJ failed to find Plaintiff's back pain to be a severe impairment and 2) the ALJ failed to order a consultative physical examination.  However, after reviewing the evidence of record, we disagree.

First, Plaintiff contends that the ALJ erred by failing to conclude that his back impairment is a severe impairment.  A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'"  *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not

4

only by [the claimant's] statement of symptoms (see [20 C.F.R.] § 404.1527).   20 C.F.R. § 404.1508.

On April 24, 2002, Plaintiff contends that his back was injured when the car he was riding in was rear-ended.  Tr. 396, 399.  This resulted in right rib, right knee, and back pain.  Tr. 396. However, x-rays of his chest, spine and knee were normal.  Tr. 400-401.

While incarcerated in June of 2003, Plaintiff complained of constant back and hip pain. Tr. 507.  X-rays of his cervical and thoracic spine revealed only mild disc space narrowing at the C7-T1 level.  Tr. 506.

In 2007, the Arkansas Department of Corrections ("ADC") completed a health classification and restriction form.  Tr. 254-256, 364-370. Following a physical examination revealing normal physical stamina, bones, joints, and muscles, ADC restricted him only with regard to his seizures, stating he could not perform assignments where a sudden loss of consciousness would be dangerous to himself or others such as scaffolding, driving a vehicle, or working near moving machinery.

Then, in June 2009, Plaintiff complained of constant back pain which he alleged had been ongoing for the past eight years.  Tr. 246.  At this time, it was reportedly causing him impairment of physical mobility.  Therefore, he was restricted from sports and weight lifting until June 26, 2009, and prescribed Acetaminophen and Ibuprofen.

On June 25, 2009, ADC records reveal mild asymmetry of his back with forward flexion. However, he exhibited no exaggerated thoracic kyphosis or lumbar lordosis, a full range of motion in the spine, and a smooth and coordinated gait.  His heel to toe ambulation was intact without instability or ataxia, he had no difficulty going from a seated position to a standing

AO72A
(Rev. 8/82)

position, and he was able to squat and stand from a squatting position without difficulty. Therefore, Plaintiff was once again restricted only with regard to his seizures. Tr. 242-245. And, we can find no evidence that Plaintiff obtained treatment for back pain during the relevant time period.

Given the lack of medical treatment for back pain during the relevant time period, the absence of consistent complaints of back pain, the lack of prescription pain medication or evidence of a continuing treatment regimen for pain, the absence of supportive objective medical evidence, and the lack of documented limitations associated with Plaintiff's alleged back pain, the undersigned finds substantial evidence supports the ALJ's determination that Plaintiff's back pain was non-severe. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider); *Rankin v. Apfel*, 195 F.3d 427, 429 (8th Cir. 1999) (infrequent use of prescription drugs supports discrediting complaints); *Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). Similarly, given the absence of evidence documenting back related limitations, we do not believe the ALJ's RFC assessment is erroneous for its failure to be more restrictive.  Plaintiff's own self reports of activities also support the ALJ's determination that this alleged impairment is not severe–Plaintiff reported the ability to feed and water 3 dogs, care for his personal hygiene, prepare meals daily, clean, do the laundry, mow the lawn after dark (takes a couple of days to complete), go outside once per day at night, drive a car, go out alone, shop for food and "household stuff" in stores once or twice per month for up to two hours, count change, handle a savings account, use a checkbook/money orders, watch television, and play inside with his dogs.

6

Plaintiff also alleges that the ALJ failed in his duty to fully and fairly develop the record by failing to order a consultative physical exam. More particularly, he contends that his alleged inability to obtain consistent medical attention required the ALJ to order such an examination. It is true that a lack of funds may justify a failure to receive medical care. *Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003). However, a lack of funds alone will not excuse a Plaintiff's failure to obtain treatment or follow medical advice. Generally speaking, a lack of evidence that the claimant attempted to find any low cost or no cost medical treatment for her alleged pain and disability is inconsistent with a claim of disabling pain. *Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992). And, the ALJ is only required to order medical examinations and tests if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994); 20 C.F.R. §§ 404.1519a(b) and 416.919a(b) (2006).

We note that the record is devoid of evidence to indicate that Plaintiff was ever refused treatment due to his financial situation. Similarly, we can find no evidence that Plaintiff contacted any of the clinics offering services to the uninsured or underinsured. As such, we can not conclude that his financial status excused his failure to obtain consistent treatment. *See Blakeman. v. Astrue*, 509 F.3d 878, 888 (8th Cir. 2007) (ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering ... information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment," such as "[t]he individuals [inability] to afford treatment [or obtain] access to free or low-cost medical services."). And, as discussed above, Plaintiff's failure to seek out treatment during the relevant

7

time period, the x-rays showing only mild disk space narrowing in the cervical and thoracic spine, and the absence of evidence to indicate that his alleged back pain limited his ability to perform activities provided the ALJ with sufficient medical evidence to determine Plaintiff's disability.

**V.      Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 4th day of June 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

8